471-07MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BLUE CROCUS MARINE COMPANY LIMITED,,

                Plaintiff,

       -against-

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN
SHIPPING CO.,

                Defendant.
-----------------------------------------------------------------x

**07 CIV 8222**

07 Civ.

**VERIFIED COMPLAINT**

*(stamp: JUDGE RAKOFF)*

*(stamp: RECEIVED SEP 20 2007 U.S.D.C. S.D.N.Y. CASHIERS)*

    Plaintiff, BLUE CROCUS MARINE COMPANY LIMITED (hereinafter "BLUE CROCUS") for its Verified Complaint against Defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. (hereinafter "BELARUSSIAN"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et se..*

NYDOCS1/290591.1

2.      At all times material hereto, Plaintiff BLUE CROCUS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 284, Arch. Makarios III, Ave., Fortuna Court, Block B, 2nd Floor, Limassol, Cyprus.

3.      At all times relevant hereto, Defendant BELARUSSIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Minsk, Belarus.

4.      Defendant BELARUSSIAN utilizes other entities as paying or funding agents for purposes of receiving, holding and/or transferring funds, including but not limited to Traser Alliance Ltd., Malto Limited and/or Forsberg and Co LLP which entities are used to hold, transfer, receive and/or are in possession of assets of Defendant BELARUSSIAN.

5.      Upon information and belief, Traser Alliance Ltd., Malto Limited and/or Forsberg and Co LLP have each paid charter hire and other obligations owed by and on behalf of Defendant BELARUSSIAN.

6.      On or about December 12, 2006, Plaintiff BLUE CROCUS, in the capacity as owner of the ELVER, entered into a maritime contract of time charter with Defendant BELARUSSIAN, as charterer.

7.      Plaintiff BLUE CROCUS duly tendered the vessel into the service of BELARUSSIAN and fully performed.

8.      At the conclusion of the charter period, Plaintiff BLUE CROCUS submitted a final hire statement to BELARUSSIAN showing a balance due in Plaintiff's favor in the amount of $207,084.49.

9.      In breach of the terms of the charter party, and despite due demand BELARUSSIAN has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and the entire amount of $207,084.49 remains due and owing.

10.     The charter party provides for the application of English law and disputes between the parties may be resolved by arbitration in London, and BLUE CROCUS specifically reserves its right to arbitrate the substantive matters at issue.  Arbitration has been commenced.

11.     This action is brought to obtain jurisdiction over BELARUSSIAN and to obtain security in favor of Plaintiff BLUE CROCUS in respect to its claims against BELARUSSIAN and in aid of London proceedings.

12.     Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

13.     This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

14.     Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $50,000 and interest on its damages are estimated to be $46,428.93 (calculated at the rate of 7% per annum compounded quarterly for a period of two years, the estimated time for completion of the proceedings in London).

### Request for Rule B Relief

15.     Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have,

assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of its names and/or in the name of its paying and/or funding agents Traser Alliance Ltd., Malto Limited and/or Forsberg and Co LLP at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

16.    The total amount to be attached pursuant to the calculations set forth above is $303,513.42.

WHEREFORE, Plaintiff BLUE CROCUS MARINE COMPANY LIMITED prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$303,513.42** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of its names or as may be held, received or transferred for its benefit, including those in the name of its paying and/or funding agents Traser Alliance Ltd., Malto Limited and/or Forsberg

and Co LLP at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.     For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       September 20, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff BLUE CROCUS
MARINE SHIPPING COMPANY LIMITED

By: _____
     Michael E. Unger (MU 0045)
     Pamela L. Schultz (PS 8675)
     80 Pine Street
     New York, NY  10005
     (212) 425-1900

## ATTORNEY VERIFICATION

State of New York　　)
　　　　　　　　　　) ss.:
County of New York　)

　　PAMELA L. SCHULTZ, being duly sworn, deposes and says as follows:

　　1.　　I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

　　2.　　The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

　　3.　　The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

　　　　　　　　　　　　　　　　　　　　　　　　　　Pamela L. Schultz

Sworn to before me this
20th day of September 2007

Notary Public

MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6467299
Qualified in New York County
Certificate Filed in New York County
Commission Expires December 10, 2009